*Underwood, for appellant.*

---

## THARP HUGHES v. MARY O'BANNON ET AL.

**Construction of Will—Right of Devisees to Sell Lands Under a Special Legacy.**
    An action was brought against the vendee of several lgatees, charging the void sale of lands devised under the following clauses in the will of the intestate: After disposing of the lands in controversy, the sixth clause of the will reads, "Shrould the children think best to keep the proprty together and improve it to their mutual benefit in peace, law and harmony, I clothe them with full power and authority to do so; but in case of marriage, dissatisfaction or removal, they may consider each other's interest and divide, sell, deed and convey in such manner as to benefit them all and as seemeth to them best and most conducive to their happiness," and followed by a second clause reading, "Should any of my children die without a living heir of their body, then and in that case the property and proceeds which I have devised to them is to be revested in the last named children." **Held,** that sales of their respctive interests by the devisees after they became twenty-one years of age, though they

may have since died without issue, were authorized by the will, giving effect to the second clause and, as far as practicable, to render the different provisions of the will harmonious and consistent with each other.

### APPEAL FROM GARRARD CIRCUIT COURT.

### June 12, 1868.

OPINION OF THE COURT BY JUDGE HARDIN:

The correctness of the judgment of the circuit court seems to us to depend entirely on the solution of the question whether under the will of Daniel O'Bannon deceased, is devisees, wose interests are claimed by the appellant as a purchaser, were empowered on arriving of age to sell and convey their respective shares of the land notwithstanding the eighth clause of the will which provides as follows:

"Should any of my children die without a living heir ot their body, then and in that case, the property and proceeds which I have devised to them is to be revested in the last named children."

It is a rule in the construction of wills, too well established to require the citation of authority, that effect should be given to every part of a will if possible, in order to carry out the intentions of the testator, which are to be collected from the entire instrument.

The testator after disposing of his lands, embracing the interests now in controversy, provided in the 6th clause of his will as follows:

"Should the children think best to keep the property together, and improve it to their mutual benefit in peace, law and harmony, I clothe them with full power and authority to do so; but in case of marriage, dissatisfaction, or removal, they may consider each others interest and divide, sell, deed and convey in such manner as to benefit them all and as seemeth to them best and most conducive to their happiness."

To give effect to the above clause and as far as practicable to render the different provisions of the will harmonious and consistent with each other, we are of the opinion that although the devisees under whose sales and conveyances made by them were

authorized by the will and the appellant's title acquired thereby is valid.

The testator appears to have had nine children living at the date of his will, two of whom are excluded by the will, in which after making provision for his wife the testator seems to have intended an equal division of his estate among his other grown children, except that Tabitha Hughes, wife of the appellant and Elijah O'Bannon, the father of the appellees, having each received $800 of his estate, they are charged therewith, and to equalize the other five children with them, the tract of 167 acres of land is devised to James, Daniel and Yelerton O'Bannon in the third clause of the will, and by the fourth and fifth clauses thereof, he gave to his daughters Katherine and Virginia each property in slaves of the value of $800. Thus was left for ultimate division among said remainder of the 167 acres of land (67 acres thereof having been sold by the testator in his life time), unless it be from James O'Bannon, who it is alleged is dead, but on the return of the cause seven devisees the residue of his estate, including the 140 acres of land devised to his wife for life, which, as it remained unsold at her death, is directed by the seventh clause of the will to go equally to them.

It seems to us that the appellees are entitled to no interest in the the court will ascertain the extent of their interest, if any, in that tract and also in the tract of 140 acres according to the principles this opinion and as to those matters as well as the claims of the appellees as distributees of Mary O'Bannon and the set-off thereto pleaded by the appellant, further preparation and final adjustment may be made.

Wherefore, the judgment is reversed on the original appeal and affirmed on the cross appeal and the cause remanded for further proceedings not inconsistent with this opinion.

*Durham, Jacobs, Owsley & Burdell, for appellant.*

*Anderson, for appellees.*